UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN N. FITZGABBON,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | No. 2:25-cv-02508-TLN-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se and this matter is accordingly referred to the undersigned for pretrial proceedings pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Defendant removed the action from state court on September 2, 2025, but has not filed a responsive pleading. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that:

1. A Status (Pretrial Scheduling) Conference is set for Thursday, **November 13, 2025 at 11:00 a.m**., at the United States District Court, **to be convened over Zoom**. The Court's courtroom deputy will provide dial-in instructions approximately one week before the conference.

2. Not later than fourteen (14) days prior to the Status Conference, the parties shall file status reports addressing the following matters:

    a. Service of process;

    b. Possible joinder of additional parties;

   c. Any expected or desired amendment of the pleadings;

   d. Jurisdiction and venue;

   e. Anticipated motions and their scheduling;

   f. The report required by Federal Rule of Civil Procedure 26(f) outlining the proposed discovery plan and its schedule, including disclosure of expert witnesses;

   g. Future proceedings, including setting appropriate cut−off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

   h. Special procedures, if any;

   i. Estimated trial time;

   j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

   k. Whether the case is related to any other cases, including bankruptcy;

   l. Whether a settlement conference should be scheduled;

   m. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as a settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference before another judge;

   n. Any other matters that may add to the just and expeditious disposition of this matter.

3. The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 636(c).  The form for consent to trial by a magistrate judge is attached.  Consent forms should be returned to the Clerk within 21 days of this order.

4. The Clerk of the Court is directed to provide copies of the "Consent to Proceed Before United States Magistrate Judge" form with this order.

IT IS SO ORDERED.

DATED: October 14, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE