UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN N. FITZGABBON,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUCTIONS, INC.,

Defendant.

No. 2:25-cv-02508-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Defendant's motion for judgment on the pleadings. ECF No. 12. Plaintiff has not filed an opposition to the motion. The Court now recommends the motion be GRANTED and the action dismissed.

**I. Background and Procedural History**

The Complaint was filed in state court on August 1, 2025. ECF No. 1. Defendant removed the action to this Court on September 2, 2025. *Id*. The action was removed on the basis of federal question jurisdiction because the Complaint alleges violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Defendant filed an Answer (ECF No. 5) and the Court held a scheduling conference. ECF No. 10. Plaintiff appeared at the scheduling conference and requested leave to file an amended complaint. *Id*. The Court granted Plaintiff

////

until December 3, 2025, to file an amended complaint. ECF Nos. 10 & 11. No amended complaint was filed.

On February 16, 2026, Defendant filed the instant motion for judgment on the pleadings. ECF No. 12. On March 9, 2026, the Court sua sponte granted Plaintiff an extension of time to file an opposition to the motion, as he had not responded within 14 days as required by Local Rule 230. Plaintiff did not file an opposition, the hearing was vacated, and the motion was taken under submission. ECF No. 16.

**II. Legal Standard on a Motion under Rule 12(c)**

After the pleadings are closed, "but early enough not to delay trial[,]" a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is "functionally identical to a Rule 12(b)(6) motion" and both motions are subject to the same standard of review. *Gregg v. Department of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (citation omitted); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) ("Rule 12(h)(2) should be read as allowing a motion for judgment on the pleadings, raising the defense of failure to state a claim, even after an answer has been filed.").

"A district court will render a 'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996)). For such purposes, the court must accept as true all facts pled by the nonmoving party. *Cafasso v. General Dynamics C4 Systems*, 637 F.3d 1047, 1053 (9th Cir. 2011). The court does not accept as true legal conclusions made in the pleadings, nor does it draw any "unwarranted factual inferences" from them. *United Food & Commercial Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022).

**III. Analysis**

Defendant argues that the complaint fails to state a legally cognizable claim because it does not identify or specify a single inaccuracy or disputed account. ECF No. 12 at 3. Defendant argues that Plaintiff merely alleges violation of the FCRA in a conclusory manner without setting

forth sufficient factual content. *Id*. at 4. Defendant urges that leave to amend should be denied because Plaintiff was previously given leave to amend and did not submit an amended complaint. *Id*. at 6.

**A. The Complaint**

The Complaint, which was filed in state court, alleges violations of FCRA. ECF No. 1-1 at 14. Plaintiff alleges violations of several different provisions of FCRA, but each count consists of only a conclusory assertion, such as Count I "Failure to Forward Disputes"; Count IV "Deleting Tradelines without an investigation"; and Count VII "Failure to provide notice of the results of the reinvestigation." ECF No. 1-1 at 15-16. The factual allegations section of the complaint states only in a conclusory manner: "Despite repeated notifications regarding discrepancies and errors in the reporting of credit accounts, the defendant has willfully failed to correct these inaccuracies, causing significant harm to the plaintiff's financial standing." *Id*. at 14.

**B. Plaintiff's Allegations are Conclusory and No Facts are Alleged**

Plaintiff has not pled sufficient factual content. The complaint does not comply with Rule 8 and fails to state a claim in that it merely pleads violation of the FCRA in conclusory fashion. Defendant filed an Answer to the complaint, but for each of the 13 counts, Defendant states "there are no factual allegations to admit or deny." There are no dates alleged in the complaint, and Plaintiff does not describe any of the alleged "errors" or "discrepancies." ECF No. 1-1 at 14-16. The complaint fails to state a claim and fails to adequately put Defendant on notice of the claims against it.

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA regulates credit reporting agencies to guarantee that consumer information is assembled, evaluated, and disseminated with "fairness, impartiality, and a respect for the consumer's right to privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting 15 U.S.C. § 1681(a)(4)). The "FCRA imposes duties on the credit furnishers, which are the sources that provide information to credit reporting agencies, to

ensure accurate credit reporting." *Arnold v. Bay Finance Co.*, 2023 WL 2088460 (E.D. Cal. Feb. 17, 2023).

In the "FCRA Violations" section of the complaint, Plaintiff only includes the label of his claims, and no supporting factual allegations. Plaintiff asserts violation of several subsections of 15 U.S.C. § 1681i, and of § 1681e(b). Section 1681i concerns procedures in the the case of disputed accuracy in a consumer's file at a credit reporting agency, and Section 1681e(b) concerns maintaining "maximum possible accuracy" of the information in the report. Section 1681s-2(b) of FCRA "does create a cause of action for a consumer against a furnisher of credit information." *Nelson v. Chase Manhattan Mortg. Corp*., 282 F.3d 1057, 1058 (9th Cir. 2002). A plaintiff may also bring a claim under § 1681i's reinvestigation provision, however the plaintiff must make a prima facie showing that an actual inaccuracy existed. *See Carvalho v. Equifax*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). Plaintiff could also potentially pursue a claim under § 1681e(b). See *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information.").

However, Plaintiff has failed to provide any factual allegations in his complaint. It appears that Plaintiff submitted some exhibits with his state court complaint (ECF No. 1-1 at 27-39), but those exhibits are unclear and are not referenced or incorporated into the complaint. Plaintiff's complaint is not required to contain detailed factual allegations, however it is too lacking in facts to state a plausible claim and to put Defendant adequately on notice. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation omitted). "A claim has facial plausibility when the plaintiff **pleads factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added).

////

**C. Leave to Amend**

The Court has considered whether to recommend leave to amend at this point. Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Generally, for a failure to plead sufficient facts, or failure to comply with Rule 8, the Court would allow leave to amend. However, the Court has previously allowed leave to amend, and Plaintiff did not amend. At a November 13, 2025, scheduling conference Plaintiff requested a couple of weeks to amend and the Court granted that request. A minute order issued that day set a December 3, 2025 deadline for amendment. ECF No. 10 ("Plaintiff shall file an amended complaint no later than 12/3/25."). The Pretrial Scheduling Order also contained the December 3, 2025 deadline. ECF No. 11.

Plaintiff missed that deadline, and then also failed to respond to the instant motion. Thus, Plaintiff has not filed an opposition brief requesting leave to amend or indicating how he would amend. The Court recommends that further leave to amend be denied. *See Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 879 (9th Cir. 1999) (district court's discretion to deny leave to amend is "particularly broad" where a plaintiff was previously allowed leave to amend).

**IV. CONCLUSION**

The Court has considered Defendant's Motion for Judgment on the Pleadings and Plaintiff's failure to oppose the motion. The failure to comply with Local Rule 230 alone could merit dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). However, the Court has addressed the merits of Defendant's motion and finds that Plaintiff's complaint fails to state a claim.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 12) be GRANTED, and;
2. The Clerk be directed to enter judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE